# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CALVIN LESLIE,

       Plaintiff

v.

CLARK COUNTY SOCIAL SERVICES, et al.,

       Defendants

Case No.: 3:25-cv-00454-MMD-CSD

**Order**

Re: ECF Nos. 1, 1-1, 1-2

Plaintiff, who is an inmate in the custody of the Nevada Department of Corrections (NDOC), has filed an application to proceed in forma pauperis (IFP) (ECF No. 1), a pro se complaint (ECF No. 1-1), and a motion for appointment of counsel (ECF No. 1-2).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $2.80, and his average monthly deposits were $30.00. His current account balance, as of September 11, 2025, was $0.15.

Plaintiff's application to proceed IFP will be granted, but the court will not require payment of an initial partial filing fee. Whenever Plaintiff's prison account exceeds $10, he must

1 make monthly payments in the amount of 20 percent of the preceding month's income credited

2 to his account until the $350 filing fee is paid.

3 **I. SCREENING**

4 **A. Standard**

5   Under the statute governing IFP proceedings, "the court shall dismiss the case at any time

6 if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal--

7 (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii)

8 seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

9 § 1915(e)(2)(A), (B)(i)-(iii).

10   In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if

11 feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

12 which a prisoner seeks redress from a governmental entity or officer or employee of a

13 governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify

14 cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

15 (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

16 monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

17   Dismissal of a complaint for failure to state a claim upon which relief may be granted is

18 provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and

19 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a

20 complaint under these statutes, the court applies the same standard as is applied under Rule

21 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

22 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232

23 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

In his complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff asserts violations of his Fourth, Eighth, and Fourteenth Amendment rights. He also asserts retaliation.

Plaintiff's complaint names as defendants: (1) Clark County Social Services; (2) Director Nancy McClain; (3) Assistant Director Tim Burch; (4) Caseworker Patricia Ellis; and (5) Caseworker "Linda Supervisor." Plaintiff alleges that from 2005 until 2019, Defendants refused housing assistance to more than 20 individuals because they were associated with Plaintiff.

1  Plaintiff asserts this was done in retaliation, was due to bias and prejudice, and caused him

2  embarrassment and humiliation. (ECF No. 1-1 at 2-5.)

3      Section 1983 provides a mechanism for the private enforcement of substantive rights

4  conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of

5  substantive rights, but merely provides a method for vindicating federal rights elsewhere

6  conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation

7  omitted).

8      To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of

9  rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by

10 conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418,

11 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the § 1983

12 elements, a complaint must identify what constitutional right each defendant violated and

13 provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d

14 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be

15 liable under section 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019)

16 (defendant must have "personally played a role in violating the Constitution.").

17     The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific

18 constitutional right' at issue." *Manuel v. City of Joliet*, 580 U.S. 357, 370 (2017) (citing *Albright*,

19 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and

20 rules associated with, an action seeking damages for its violation." *Id*. (citing *Carey v. Piphus*,

21 435 U.S. 247, 257-58 (1978)).

22     First, the complaint does not contain any specific factual allegations against Defendant

23 "Linda." "In order for a person acting under color of state law to be liable under section 1983

there must be a showing of personal participation in the alleged rights deprivation[.]" *Id.* (citations omitted). In other words, the plaintiff "must show that each defendant personally played a role in violating the Constitution." *Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019), *cert. denied sub nom., Smith v. Schwarzenegger,* 140 S. Ct. 159 (2019). "An official is liable under § 1983 only if 'culpable action, or inaction, is directly attributed to them.'" *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011)).

Second, Clark County Social Services is a municipal entity. "Under 42 U.S.C. § 1983, [a municipality] is not liable for merely employing a[n] [ ] official who commits a constitutional violation." *Bell v. Williams*, 108 F.4th 809, 824 (9th Cir. 2024); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978) (section 1983 does not impose respondeat superior liability on municipalities). Municipalities can only be liable for the infringement of constitutional rights under certain circumstances. *Monell*, 436 U.S. at 690-95. "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "A plaintiff must therefore show *deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Horton*, 915 F.3d at 603 (citation and quotation marks omitted, emphasis original). The complaint does not allege facts to state a plausible claim that Plaintiff's injuries were the result of an official policy, pervasive practice or custom, failure to train, supervise or discipline, or a decision or act by a final policymaker, and therefore Plaintiff has not stated a municipal liability claim against Clark County Social Services.

Third, although the complaint purports to allege a violation of Plaintiff's Fourth and Eighth Amendment rights, no facts in the complaint support either such claim. The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." No facts alleged in the complaint support a plausible claim under either amendment.

Fourth, Plaintiff purports to allege a claim under the Fourteenth Amendment. Because Plaintiff asserts that he endured embarrassment and humiliation as a result of Defendants' refusal to provide aid to those associated with him, the court construes the complaint as possibly attempting to assert a procedural due process claim predicated upon reputational harm. A "liberty interest may be implicated 'where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him.'" *Humphries v. Cnty. of Los Angeles*, 554 F.3d 1170, 1185 (9th Cir. 2008), *as amended* (Jan. 30, 2009), *rev'd and remanded sub nom. on other grounds, Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29 (2010) (quoting *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971). "[P]rocedural due process protections apply to reputational harm only when a plaintiff suffers stigma from governmental action *plus alteration or extinguishment of 'a right or status previously recognized by state law.'" Id.* (citing *Paul v. Davis*, 424 U.S. 693 (1976)) (emphasis added).

To the extent Plaintiff intended to assert such a claim, he has failed to do so. The complaint does not allege that Defendants' actions deprived him of a right or status previously

recognized by state law and does not allege sufficient facts to state a plausible claim that he suffered reputational harm due to Defendants' actions.

Fifth, Plaintiff asserts Defendants' actions were the result of bias and prejudice, perhaps intending to assert a Fourteenth Amendment equal protection claim. "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Where state action does not implicate a protected class, a plaintiff can establish a "class of one" equal protection claim by demonstrating that he or she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). In class of one equal protection claims, the plaintiff must demonstrate he was discriminated against "intentionally," rather than accidentally or randomly. *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). A "class-of-one plaintiff must be similarly situated to the proposed comparator in all material respects." *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1123 (9th Cir. 2022).

The complaint's allegations of bias and prejudice are conclusory and unsupported by any facts, especially facts showing that Plaintiff was discriminated against based on his membership

in a protected class or that he qualifies as a "class of one." Plaintiff has not therefore stated any claim of equal protection violation.

Sixth, the complaint alleges "retaliation" but does not identify what type of retaliation Plaintiff claims. It appears to be an open question whether a claim of retaliation may be pursued under the Fourteenth Amendment, but even assuming such a claim exists, it would likely be subject to dismissal on qualified immunity grounds. *See Garrett v. Governing Bd. of Oakland Unified Sch. Dist.*, 583 F. Supp. 3d 1267, 1278 (N.D. Cal. 2022); *Ballou v. McElvain*, No. C19-05002-DGE, 2022 WL 3082739, at *2 (W.D. Wash. Aug. 3, 2022). A claim of retaliation under the First Amendment requires the Plaintiff to "plausibly allege that (1) []he engaged in a constitutionally protected activity, (2) Defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in Defendants' conduct." *Sampson v. Cnty. of Los Angeles by & through Los Angeles Cnty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1019 (9th Cir. 2020).

The complaint does not contain any facts supporting a claim that Plaintiff engaged in any constitutionally protected activity, that Defendants' actions would chill a person of ordinary firmness from continuing the protected activity, or that the protected activity was the motivating factor in Defendants' conduct. The complaint therefore does not state a colorable First Amendment retaliation claim.

Finally, the claims in this action would possibly be subject to dismissal as time barred. Section 1983 does not contain its own statute of limitations. Therefore, federal courts borrow the statute of limitations for section 1983 claims applicable to personal injury claims in the forum state. *See Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985); *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012). In Nevada, the statute of limitations for personal injury claims, and therefore

section 1983 actions brought here, is two years. Nev. Rev. Stat. 11.190(4)(e); *see also Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).

"A statute of limitations begins to run on the date on which the plaintiff's claim 'accrues.'" *Pouncil*, 704 F.3d at 573 (citation omitted). "Federal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run." *Id*. (citation omitted). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Id*. at 574 (citation omitted). The discovery rule requires the plaintiff to be diligent in discovering the critical facts of the case. *Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999).

Federal courts apply the forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law, to civil rights claims filed under section 1983. *Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir. 2000) (citations omitted). The Supreme Court of Nevada has, in an unpublished opinion, indicated that "incarceration is not an appropriate basis to toll the statute of limitations." *Vonseydewitz v. Las Vegas Metro. Police Dep't*, 495 P.3d 125 (Nev. 2021). But "the applicable statute of limitations must be tolled while a prisoner completes [a] mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005) (citations omitted); *see also Soto v. Sweetman,* 882 F.3d 865 (9th Cir. 2018). And equitable tolling may apply "when the plaintiff demonstrates reasonable diligence in pursuing his or her claims and extraordinary circumstances that prevented him or her from timely filing the complaint." *Fausto v. Sanchez-Flores*, 482 P.3d 677, 679 (Nev. 2021).

Plaintiff's claims are based on conduct that took place from 2005 to 2019. He filed his complaint on August 27, 2025. It is therefore likely that Plaintiff's claims are untimely, even assuming he is otherwise able to sufficiently plead them. Accordingly, should Plaintiff choose to

1  amend his complaint, he may wish to include factual allegations supporting any tolling of the

2  limitations period.

3  **III. MOTION FOR APPOINTMENT OF COUNSEL**

4      Plaintiff has filed a motion for appointment of counsel. "[A] person [generally] has no

5  right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing

6  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however,

7  does allow the court to "request an attorney to represent any person unable to afford counsel."

8  That being said, the appointment of counsel in a civil case is within the court's discretion and is

9  only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also*

10  *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether

11  'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits

12  as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of

13  the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952,

14  954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015).

15      At this juncture, Plaintiff has failed to state any claim for relief. Accordingly, Plaintiff's

16  motion for appointment of counsel will be denied without prejudice.

17  **IV. CONCLUSION**

18  (1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**. The court will not require

19  payment of an initial filing fee. However, whenever Plaintiff's prison account exceeds

20  $10, he is required to make monthly payments in the amount of 20 percent of the

21  preceding month's income credited to his account until the full $350 filing fee is paid.

22  This is required even if the action is dismissed or is otherwise unsuccessful. The Clerk

23

must SEND a copy of this Order to the attention of Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

(2) The Clerk will **FILE** the complaint (ECF No. 1-1).

(3) The complaint will be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**.

(4) The motion for appointment of counsel (ECF No. 1-2) is **DENIED WITHOUT PREJUDICE**.

(5) The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(6) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint curing the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall check the box for the first amended complaint on the court's form civil rights complaint. If Plaintiff fails to file an amended complaint within the 30 days, this action may be dismissed.

**IT IS SO ORDERED**.

Dated: September 11, 2025

_____
Craig S. Denney
United States Magistrate Judge