UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CALVIN LESLIE,<br><br>    Plaintiff<br><br>v.<br><br>CLARK COUNTY SOCIAL SERVICES, et al.,<br><br>    Defendants | Case No.: 3:25-cv-00454-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 7 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

**I. BACKGROUND**

Plaintiff, who is an inmate in the custody of the Nevada Department of Corrections (NDOC), filed a pro se complaint pursuant to 42 U.S.C. § 1983, which the court screened and dismissed without prejudice pursuant to 28 U.S.C. § 1915 and § 1915A. The court initially granted Plaintiff until October 11, 2025, to file an amended complaint curing the identified deficiencies, but later -- after its order was returned as undeliverable -- extended the time to November 5, 2025.

The court's order of October 6, 2025, granting this extension of time and re-sending the order previously returned as undeliverable, has not itself been returned as undeliverable. Nor has Plaintiff filed any amended complaint. Accordingly, because the Plaintiff's complaint in this matter fails to state any colorable claim of a constitutional violation and the time for filing an

amended complaint has expired, the court recommends that the District Judge enter an order dismissing the complaint in this action and closing this case.

## II. STANDARD

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III. ANALYSIS

In his complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff asserts violations of his Fourth, Eighth, and Fourteenth Amendment rights. He also asserts retaliation. Plaintiff's complaint names as defendants: (1) Clark County Social Services; (2) Director Nancy McClain; (3) Assistant Director Tim Burch; (4) Caseworker Patricia Ellis; and (5) Caseworker "Linda Supervisor." Plaintiff alleges that from 2005 until 2019, Defendants refused housing assistance to more than 20 individuals because they were associated with Plaintiff. Plaintiff asserts that this

was done in retaliation, was due to bias and prejudice, and caused him embarrassment and humiliation. (ECF No. 1-1 at 2-5.)

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the § 1983 elements, a complaint must identify what constitutional right each defendant violated and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating the Constitution.").

The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 580 U.S. 357, 370 (2017) (citing *Albright*, 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id*. (citing *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978)).

The complaint fails to state any colorable claim for several reasons.

/ / /

First, the complaint does not contain any specific factual allegations against Defendant "Linda." "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation[.]" *Id.* (citations omitted). In other words, the plaintiff "must show that each defendant personally played a role in violating the Constitution." *Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019), *cert. denied sub nom., Smith v. Schwarzenegger,* 140 S. Ct. 159 (2019). "An official is liable under § 1983 only if 'culpable action, or inaction, is directly attributed to them.'" *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011)).

Second, Clark County Social Services is a municipal entity. "Under 42 U.S.C. § 1983, [a municipality] is not liable for merely employing a[n] [ ] official who commits a constitutional violation." *Bell v. Williams*, 108 F.4th 809, 824 (9th Cir. 2024); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978) (section 1983 does not impose respondeat superior liability on municipalities). Municipalities can only be liable for the infringement of constitutional rights under certain circumstances. *Monell*, 436 U.S. at 690-95. "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "A plaintiff must therefore show *deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Horton*, 915 F.3d at 603 (citation and quotation marks omitted, emphasis original).

The complaint does not allege facts to state a plausible claim that Plaintiff's injuries were the result of an official policy, pervasive practice or custom, failure to train, supervise or discipline, or a decision or act by a final policymaker, and therefore Plaintiff has not stated a municipal liability claim against Clark County Social Services.

Third, although the complaint purports to allege a violation of Plaintiff's Fourth and Eighth Amendment rights, no facts in the complaint support either such claim. The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." No facts alleged in the complaint support a plausible claim under either amendment.

Fourth, Plaintiff purports to allege a claim under the Fourteenth Amendment. Because Plaintiff asserts that he endured embarrassment and humiliation as a result of Defendants' refusal to provide aid to those associated with him, the court has construed the complaint as possibly attempting to assert a procedural due process claim predicated upon reputational harm. A "liberty interest may be implicated 'where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him.'" *Humphries v. Cnty. of Los Angeles*, 554 F.3d 1170, 1185 (9th Cir. 2008), *as amended* (Jan. 30, 2009), *rev'd and remanded sub nom. on other grounds, Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29 (2010) (quoting *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971).

"[P]rocedural due process protections apply to reputational harm only when a plaintiff suffers stigma from governmental action *plus alteration or extinguishment of 'a right or status previously recognized by state law.'" Id.* (citing *Paul v. Davis*, 424 U.S. 693 (1976)) (emphasis added). To the extent Plaintiff intended to assert such a claim, he has failed to do so. The complaint does not allege that Defendants' actions deprived him of a right or status previously recognized by state law and does not allege sufficient facts to state a plausible claim that he suffered reputational harm due to Defendants' actions.

Fifth, Plaintiff asserts Defendants' actions were the result of bias and prejudice, perhaps intending to assert a Fourteenth Amendment equal protection claim. "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Where state action does not implicate a protected class, a plaintiff can establish a "class of one" equal protection claim by demonstrating that he or she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). In class of one equal protection claims, the plaintiff must demonstrate he was discriminated against "intentionally," rather than accidentally or randomly. *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). A "class-of-

one plaintiff must be similarly situated to the proposed comparator in all material respects." *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1123 (9th Cir. 2022).

The complaint's allegations of bias and prejudice are conclusory and unsupported by any facts, especially facts showing that Plaintiff was discriminated against based on his membership in a protected class or that he qualifies as a "class of one." Plaintiff has not therefore stated any claim of equal protection violation.

Sixth, the complaint alleges "retaliation." A claim of retaliation under the First Amendment requires the Plaintiff to "plausibly allege that (1) []he engaged in a constitutionally protected activity, (2) Defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in Defendants' conduct." *Sampson v. Cnty. of Los Angeles by & through Los Angeles Cnty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1019 (9th Cir. 2020). The complaint does not contain any facts supporting a claim that Plaintiff engaged in any constitutionally protected activity, that Defendants' actions would chill a person of ordinary firmness from continuing the protected activity, or that the protected activity was the motivating factor in Defendants' conduct. The complaint therefore does not state a colorable First Amendment retaliation claim.

Accordingly, the court recommends the District Judge enter an order dismissing the complaint in this action and closing this case.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order DISMISSING the complaint (ECF No. 7) and CLOSING this case.

The Plaintiff should be aware of the following:

8

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 14, 2025

_____
Craig S. Denney
United States Magistrate Judge